{¶ 36} Civ.R. 60(A) permits correction of clerical errors in final judgments or orders. An order entered pursuant to Civ.R. 60(A) is an order granting relief nunc pro tunc, that is, "now for then," and the judgment thus modified has a legal effect retroactive to the date the original order was entered. However, and for purposes of App.R. 4, the time for filing a notice of appeal from the judgment as modified begins to run from the order granting Civ.R. 60(A) relief, not from the date the original judgment was entered, because the judgment as modified likewise "affects a substantial right in an action that in effect determines the action and prevents a judgment" on the claim for prejudgment interest. R.C. 2505.02(B)(1). Therefore, the notice of appeal the Brushes filed on June 27, 2006, from the modified judgment the court entered on June 2, 2006 was timely filed, and the Brushes are not precluded from seeking appellate review of the judgment as modified. *Page 16 
 {¶ 37} The original order, as modified, denied the Brushes' claim for prejudgment interest. R.C. 2343.03(A) provides that "[i]n cases . . . when money becomes due and payable upon any . . . verbal contracts entered into, . . . the creditor is entitled to interest at the rate per annum determined pursuant to section 5703.47 of the Revised Code," unless the parties have otherwise agreed in writing. When the amount owed is not disputed, but liability for the debt is disputed, interest runs from the time the debt is due and payable. Spaulding v. Coulson (1995), 104 Ohio App.3d 62. R.C. 1343.03(A) automatically bestows a right to statutory interest as a matter of law. Testa v. Roberts (1988),44 Ohio App.3d 161.
 {¶ 38} Under their oral agreement, the amount of the debt the Hassertts owed the Brushes for repair of the driveway was not disputed, being an agreed portion of the cost of the repair the Brushes had paid. Only liability was in dispute, based on the Hassertts' contentions that the repairs were improperly performed. Having rejected that contention, the trial court erred when it failed to grant prejudgment interest to the Brushes from the date on which the Hassertts' debt became due and owing, July 13, 2004, the date on which the Brushes paid the contractor for its work and demanded payment of a specific sum of money from the Hassertts that the court subsequently ordered the Hassertts to pay.
 {¶ 39} I would sustain the first assignment of error, and on that basis would
 reverse and remand. *Page 1